IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELI AG, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3504 |
| | § | |
| BULLOCK AGENCY, INC., and JOHN "BUCK" BULLOCK, | § § § | |
| | § | |
| *Defendant*. | § § | |

## ORDER

Pending before the Court is the Motion for Summary Judgment filed by Defendant Bullock Agency, Inc. ("Bullock Agency") and John "Buck" Bullock's ("Bullock") (collectively, "Defendants"). (Doc. No. 19). Plaintiff Heli Ag, LLC ("Plaintiff" or "Heli Ag") responded in opposition (Doc. No. 20), and Defendants replied. (Doc. No. 21). After considering the Motion, response, reply, the evidence, and the applicable law, the Court DENIES the Motion. (Doc. No. 19).

### I.   Background

This is a negligence case arising out of a helicopter accident that took place on July 20, 2021. Plaintiff alleges that Defendants negligently failed to exclude certain equipment from Plaintiff's helicopter insurance policy. Heli Ag is in the business of crop dusting and spraying using helicopters. (Doc. No. 20-3 at 2). To facilitate its business, Heli Ag owned two helicopters. (*Id.*). Plaintiff equipped each helicopter with two systems: a Satlock GPS System and a Simplex Spray System. (*Id.*). Plaintiff purchased this equipment separately from the helicopters and attached the equipment to the helicopters for its crop operations. (*Id.*). In June of 2020, Heli Ag retained

Defendants as its insurance broker to handle the renewal of its aircraft insurance policy. (Doc. No. 19 at 4).

Veronica Griffith, the owner of Heli Ag, testified via affidavit that in May of 2021, Heli Ag contacted Defendants concerning the renewal of Heli Ag's insurance coverage. (Doc. No. 20-3 at 2). Plaintiff states that at this May 2021 meeting, Bullock suggested that Heli Ag could reduce its insurance premium by excluding the Satlock GPS System and the Simplex Spray System equipment from the insurance coverage. (*Id.*). Moreover, since the Satlock GPS System and the Simplex Spray System are often not irreparably damaged in a helicopter crash, Bullock allegedly explained that excluding such equipment from coverage would allow Heli Ag to reuse or sell the equipment in case of a crash. (*Id.*). Heli Ag contends that, based on this advice and recommendation, it authorized and instructed Defendants to exclude coverage for the Satlock GPS System and the Simplex Spray System in the new insurance policy—the theory being that by excluding these items, Heli Ag would retain ownership of the equipment in the event of an incident and its overall premiums would be reduced.[1] (*Id.* at 3). Plaintiff swears that Bullock promised to exclude the equipment from the renewed policy. (*Id.*). Defendants disagree with Heli Ag's assessment of the facts and seem to deny that any such conversation occurred before the policy's issuance in June of 2021.[2] (Doc. No. 19 at 5).

On June 2, 2021, Bullock forwarded to Heli Ag an "Insurance Proposal" prepared by AIG Aerospace Insurance Services, Inc. ("AIG"), Heli Ag's insurance provider. (Doc. No. 19-6). On June 11, 2021, Bullock emailed Heli Ag a "bind confirmation." (Doc. No. 19-7). The email stated that Bullock Agency had "bound the following" terms per Heli Ag's request. (*Id.*). The terms that

---

[1] Indeed, the 2021 policy reflects a $100,000 decrease in coverage from 2020. *Compare* (Doc. No. 19-3), *with* (Doc. No. 19-4).
[2] Notably, Bullock's declaration lacks a denial that the conversation took place. (Doc. No. 19-1).

followed included five instances of coverage, but did not include any exclusion. (*Id.*). On July 1, 2021, Bullock forwarded to Heli Ag the "Insurance Binder," which included only a "general description of coverages offered," and would be "superseded by the actual policy." (Doc. No. 19-8 at 2). The last page of the binder specifies that it "contains a broad outline of coverage and does not include all the terms, conditions and exclusions of the policy. . . . The policy contain[s] the full and complete agreement with regard to coverage. Please review the policy thoroughly with your broker upon receipt . . . ." (*Id.* at 4). On July 20, 2021, a representative of AIG forwarded the policy to Bullock. (Doc. No. 19-9). Heli Ag, however, was not provided a copy of the policy until three weeks later, on August 9, 2021. (Doc. No. 20-3 at 3).

On the same day that AIG forwarded the policy renewal to Bullock, July 20, 2021, one of Heli Ag's helicopters crashed. (*Id.*). Plaintiff immediately reported the crash to Defendants. (*Id.*). Believing the Satlock GPS System and Simplex Spray System to be excluded from the policy, Heli Ag contacted the major loss adjuster and inquired about having the equipment returned. (*Id.*). The adjuster responded that the items attached to the helicopter at the time of the accident "are considered part of the helicopter and will need to go with the retrieval company… If I am told they are excluded I will make sure that the items are shipped to you at no expense." (*Id.* at 4). Ultimately, it was determined that the policy had not excluded the Satlock GPS System and Simplex Spray System. Thus, Heli Ag was not able to recover the equipment after the crash.

Heli Ag then filed this lawsuit against Bullock Agency and Bullock alleging negligence for failing to obtain a provision in the in the insurance coverage that would allow Heli Ag to retain its equipment in case of a crash.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

Defendants raise two issues in their Motion for Summary Judgment. (Doc. No. 19 at 1). First, that Defendants did not breach any duty it may have owed to Plaintiff as a matter of law. (*Id.*). Second, that Plaintiff has no evidence of the value of the two systems after the accident and,

4

therefore, has no evidence of damages it claims were proximately caused by Defendants' alleged breach of its duty. (*Id.*).

### A. Breach of Duty

Under Texas law, to establish a that an insurance agent or broker breached their duty of care, a plaintiff must show that: (1) they requested a specific type of insurance that the agent or broker did not provide in accordance with the plaintiff's expectations; or (2) the defendant wrongly led the plaintiff to believe that their policy provided protection against a particular risk that it did not. *See Drs. Hosp. at Renaissance, Ltd. v. Emps. Ins. Co. of Wausau*, 579 F. Supp. 3d 912, 922 (S.D. Tex. 2022); *Moore v. Whitney–Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.).

The Supreme Court of Texas held that an insurance agent or broker may be liable when he makes an affirmative misrepresentation which induces a plaintiff to "rely on his performance of the undertaking to procure insurance, and the plaintiff reasonably, but to his detriment, assumed that he was insured against the risk that caused the loss." *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (discussing *Burroughs v. Bunch*, 210 S.W.2d 211 (Tex. App.—El Paso 1948, writ ref'd)). Here, Veronica Griffith, the owner of Heli Ag, swore in an affidavit that she and her husband spoke with Bullock in May 2021. (Doc. No. 20-3 at 2). She testified that during that conversation, she instructed Bullock to exclude the Satlock GPS System and the Simplex Spray System equipment from the insurance coverage. (*Id.* at 3). She further avers that Bullock promised to exclude the equipment from the renewed policy. (*Id.*).

Defendants contend that they did not breach any duty as a matter of law because Heli Ag signed off on the Insurance Proposal and the Insurance Binder—neither of which contained the exclusion Plaintiff alleges it requested. Defendants suggest that, even if the Court takes Plaintiff's

5

version of the facts as true, Heli Ag "should have known" from the Insurance Proposal and the Insurance Binder that the policy would not exclude the equipment. (Doc. No. 19 at 15). The actual policy, however, contains more detail than either the proposal or the binder. *See* (Doc. No. 19-4). Moreover, the binder itself states that it does not contain exclusions that will appear in the policy. (Doc. No. 19-8 at 4) Defendants' suggestion that Plaintiff "should have known" that the policy would not contain the exclusion simply because it was not in the prior, abridged documents does not, as a matter of law, compel this Court to conclude that Defendants did not breach their duty to Plaintiff as a matter of law. Instead, it is merely an issue to be resolved at trial.

### B. Evidence of Damages

Defendants' second, and final, issue raised for summary judgment is whether Plaintiff can proffer sufficient evidence of its damages. Defendants argue that "Heli Ag does not know if the Satloc or Simplex [equipment] had any value after the accident." (Doc. No. 19 at 15). Thus, Defendants conclude that "there is no evidence that Bullock's alleged failure to obtain an equipment exclusion resulted in any damages."

Plaintiff, however, attached the transcripts from the depositions of Veronica Griffith, the owner of Heli Ag, and her husband Raymond Griffith, the pilot of Heli Ag's helicopter at the time of the crash. Both testified that, while it is possible the equipment could have been damaged in the crash, it appeared to be unharmed upon visual inspection. (Doc. No. 20-1 at 16); (Doc. No. 20-2 at 5). Defendants also proffered Plaintiff's response to Defendants' interrogatories regarding damages. (Doc. No. 19-11). There, Plaintiff produced documents that estimate the cost to replace the Satlock GPS System and the Simplex Spray System. (*Id.*). Accordingly, Plaintiff has raised an issue of material fact as to the damages Defendants proximately caused by their alleged breach.

### IV.  Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion for Summary Judgment. (Doc. No. 19). The Court will reset the deadline for the joint pretrial order, pretrial conference, and trial in a separate order.

SIGNED this 10th day of July, 2025.

Andrew S. Hanen
United States District Judge